[No. 20855.  In Bank. — March 26, 1892.]

THE PEOPLE, RESPONDENT, *v.* CHARLES W. LEM- PERLE, APPELLANT.

CRIMINAL LAW — HOMICIDE — EVIDENCE — DISTANCE OF DECEASED FROM MUZZLE OF PISTOL — QUESTION FOR JURY — OPINION OF MEDICAL EXPERT — ERROR WITHOUT PREJUDICE. — Upon the trial of a defendant charged with murder, the question as to the distance of the deceased from the muzzle of the pistol at the time of its discharge is properly a question of fact for the jury to determine, and is not a matter of special knowledge, nor a proper subject for expert testimony by a medical witness; yet the error in admitting such testimony for the prosecution is not prejudicial, where the opinion given is not inconsistent with the defendant's evidence or theory of defense, and could not strengthen the claim of the prosecution.

ID. — CIRCUMSTANCES OF MITIGATION — BURDEN OF PROOF — INSTRUCTIONS — QUALIFYING WORDS OF STATUTE — REASONABLE DOUBT. — In a prosecution for murder, a charge to the jury as to the burden of proving circumstances of mitigation, justification, or excuses devolving upon the defendant, substantially embodying section 1105 of the Penal Code, but omitting the qualification contained therein, "unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable," is erroneous, and the error is not cured by a general charge as to reasonable doubt which may arise upon a consideration of the whole case.

ID. — INSTRUCTION AS TO SELF-DEFENSE. — An instruction to the jury upon the prosecution of a defendant charged with murder, that "to justify a person for killing another upon the ground of self-defense, the killing must be done under a well-founded belief that it was absolutely necessary for such person to kill the deceased to save himself from great bodily harm," although not highly commendable, is not erroneous.

ID. — TRIAL — IMPROPER ARGUMENT OF COUNSEL — SILENCE OF DEFENDANT AT CORONER'S INQUEST. — Where a defendant charged with murder was taken to the coroner's inquest by the officers, but was not sworn as a witness by the coroner's jury, who were conducting an *ex parte* examination, and called upon whom they pleased as witnesses, remarks by the district attorney in his closing argument to the jury upon the trial, drawing conclusions adverse to the defendant from the fact that he had not stated certain matters at the coroner's inquest, which he had testi-

tified to on the trial, and remarks of the judge implying that it was proper to claim that the defendant had failed to make the statements before the coroner, are improper and unfair to the defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Davis Louderback,* for Appellant.

*Attorney-General Hart,* and *Deputy Attorney-General Jackson,* for Respondent.

TEMPLE, C. — The defendant was arraigned and tried for the crime of murder, and having been found guilty of manslaughter, appeals from the judgment, and from the order refusing a new trial.

The only error alleged in regard to the admission of evidence consists in permitting a medical witness to testify from his examination of the deceased the distance of the deceased from the muzzle of the pistol at the time of its discharge. The witness said: "I should think the pistol was about four feet, — that is, the muzzle of the pistol, — not including the length of the arm, — about four feet from the wounded man, as near as I can tell."

The only proof of the competency of the witness as an expert was, that he was a physician, and his statement, "I have had some experience as to gun-shot wounds in the last two years." That the ruling was erroneous, there can be no doubt. A physician is not, as such, an expert upon such matters. If he found that the flesh was burned or contained unburned powder, he would know that the pistol must have been near, but this is matter of common observation, and not a matter of special knowledge. The facts being stated, it was for the jury to judge. (*People* v. *Westlake,* 62 Cal. 303; *People* v. *Smith,* 4 P. C. L. J. 213; 1 Greenl. Ev., and cases cited.)

But while it was plainly error, it is simply impossible to see how it could have prejudiced the defendant. There were no witnesses to the homicide, except the defendant. His testimony in his own behalf was, that the deceased was coming at him with a brick raised to strike him, and he raised the pistol to frighten the deceased away, and it went off. The only contrary statement was an alleged confession to a policeman, to the effect that deceased grabbed him by the throat, and he fired at him once and threw his pistol over the fence. There is certainly, therefore, nothing in the medical opinion, improperly admitted, inconsistent with defendant's evidence or theory of defense, and nothing which could strengthen the claim of the prosecution.

The court gave an instruction substantially embodying section 1105 of the Penal Code, but omitting the qualification contained in the statute, " unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." These words were inserted in the statute as a qualification of the rule laid down, and it would be going a long way for the court to say that it is of no effect or value. Certainly the purpose of this qualification, if it serves any, is not accomplished by the general charge as to reasonable doubt, which may arise upon a consideration of the whole case. Without this qualification, the jury might be led to believe that they must look to evidence introduced by the defendant only, for mitigating circumstances, or for evidence to justify or excuse the act. The legislature must have entertained that opinion, or they would not have added the qualification.

The instruction that, " to justify a person for killing another upon the ground of self-defense, the killing must be done under a well-founded belief that it was absolutely necessary for such person to kill the deceased to save himself from great bodily harm," is, when taken in connection with other parts of the charge, not a ground for reversal. Although not highly commendable, it has

several times been held by this court not to be errone-
ous. (*People* v. *Bruggy*, 93 Cal. 476, and cases cited;
*People* v. *Westlake*, 62 Cal. 303.)

As to the exceptions that certain instructions asked
were not given in the very language in which they were
proposed, the record shows that they were given sub-
stantially. It is impossible to see how the defendant
could have been injured by the changes made.

Under the circumstances, it is not necessary to com-
ment at length upon the line of argument which the
court permitted the district attorney to pursue in his
closing speech. It was certainly very unfair to draw
any conclusions adverse to the defendant from the fact
that he had not stated certain important matters, con-
tained in his testimony on the trial, at the coroner's in-
quest. He was not sworn at the inquest, and although
taken there by the officers, he was dumb, unless speech
was given him by the jury, who were conducting an
*ex parte* examination, and called whom they pleased as
witnesses. Even the remarks of the court seemed to
imply that it was proper to claim that defendant had
failed to make the same statements before the coroner.
It was an unfair inference.

Some of the remarks of this court in the case of *Peo-
ple* v. *Lee Chuck*, 78 Cal. 317, would be appropriate here.

The judgment and order should be reversed.

Foote, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing
opinion, the judgment and order are reversed.